ALLEN, Judge.
This is an appeal from a final decree in a divorce suit. George Demetriou sued Lucy Demetriou for a divorce which was granted to him on the ground of extreme cruelty. The defendant answered the complaint by denying the essential allegations and counterclaimed for separate maintenance.
In the final decree the court stated:
“3. That the Court finds and determines that the Defendant and Counter-claimant, Lucy Demetriou, contributed money and labor over a period of years to the acquisition of property, the title to which was held jointly by the parties hereto, and moneys held jointly by the parties hereto, which said property was disposed of and converted into moneys and that with said moneys the Complainant, George Demetriou, purchased and acquired title to Lot 5, Block A, Boulevard Development Company Subdivision, in the name of Demetriou Development Corporation, and that the Defendant, Lucy Demetriou, has acquired a special interest in said property in the amount of $7500.00; that the Complainant, George Demetriou, shall pay to the Defendant, Lucy Demetriou, the sum of $7500.00 at the rate of $100.00 per month, commencing May 15, 1958, for her special interest in Lot 5 Block A, Boulevard Development Company Sub-Division.
“4. That the Complainant, George Demetriou, shall pay to the Defendant, Lucy Demetriou, the sum of $100.00 per month for her support and maintenance, commencing the 15th day of May, 1958, and on the 15 day of each month thereafter. until further Order of this Court.
“5. That the application of the Defendant for attorneys’ fee be and the same is hereby denied, and each party be required to pay their own attorney’s fees in said cause.
*787 “6. That the Defendant, Lucy De-metriou, is entitled to and shall have her personal effects and personal furnishings out of the apartment located at 515 South 4th Street, Ft. Pierce, Florida.
“7. That the Defendant, Lucy De-metriou, shall have the furnishings from either of the two upstairs apartments located at 515 South 4th Street, Fort Pierce, Florida to furnish her dwelling, which shall include the stove, ice box, washing machine, living room, dining room, bedroom and kitchen furnishings, linens, dishes, pots and pans, silverware, glassware, and other articles or furnishings used in the said apartment for housekeeping purposes.
“8. That all costs herein shall be taxed against the Complainant, George Demetriou.”
The appellant contends that, first, a divorce should not have been granted to the appellee; second, that her counter-claim for separate maintenance should not have been dismissed; and third, that the court made an improper division of the property interests of the parties.
The parties to this action were married in 1935 while residents of Detroit, Michigan. They remained in Detroit until 1952, and during that time, each accumulated a certain amount of property, the defendant apparently getting most of hers from the estate of her first husband. The parties also developed some of the property together.
In 1952, plaintiff came to Florida and purchased property which he later sold at a profit. He then purchased a business property in Fort Pierce, located on U. S. Highway No. 1. The money used for this purpose was accumulated both by plaintiff alone and by plaintiff and defendant together. The first year plaintiff was in Fort Pierce, the defendant remained in Detroit to liquidate property owned in the joint name of the parties. The defendant then came to Florida and discovered the Florida property purchased by the plaintiff had been placed in the name of a corporation, De-metriou Development Corporation, in which plaintiff was practically the sole stockholder. This, apparently, was the real beginning of the parties’ marital trouble.
A study of the 237 pages of testimony and exhibits reveals that the evidence, if believed by the lower court, supports the various portions of the final decree herein. The evidence indicates that the defendant berated plaintiff continually, concentrating on the property, the level of plaintiff’s intelligence, his* working habits, and his ancestry.
The evidence as to the property owned by the respective parties, that is, their individual assets, is rather confusing. The plaintiff testified that it was his money which was used in the purchase of the St. Lucie County property. However, the defendant testified that certain money belonging to her was used in the purchase of the property. As previously stated, the appellant contends that the court should have allowed her one-half of the value of the Fort Pierce property as her special interest therein instead of the $7,500 given her.
The allowance of $100 per month to the defendant for her support and maintenance, being equal to a return on an investment of $30,000 at'4%, the $7,500 interest in plaintiff’s property which was given to the defendant and the furnishings from the apartment granted her for her own use are justified under the evidence in this case. It might not be the sum or amount which this court would have allowed had it been sitting in place of the chancellor, but this is peculiarly the prerogative of the lower court. From this record, we cannot say that the chancellor committed error.
The allowance of attorney’s fees is a matter of discretion with the chancellor, and from the record, it is apparent that the wife had sufficient funds in her possession to pay her attorney’s fees in the lower court.
'We are confronted on the appeal with a motion for attorney’s fees to be allowed the *788 appellant in this court, on which motion we shall exercise our discretion and allow the sum of $300 to the appellant for her attorney on this appeal.
Affirmed.
KANNER, C. J., and SHANNON, J., concur.